UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ERIN JUSTICE,

        Plaintiff,

v.

AMANDA BEAUMONT et al.,

        Defendants.
_____/

Case No. 1:22-cv-1179

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues LRF

Healthcare Unit Manager Amanda Beaumont, LRF Director of Nurses Jill Britton, and Unknown Party #1, described as the dentist who provided services to Plaintiff at LRF during September of 2022 ("the dentist").

Plaintiff alleges that on September 15, 2022, he requested dental services because he had a broken front tooth that was causing him pain. (Compl., ECF No. 1, PageID.2.) Plaintiff was examined by the dentist on September 19, 2022. Plaintiff alleges that the dentist informed Plaintiff that he needed a root canal and crown to repair his tooth. (*Id*.) That allegation is somewhat disingenuous.

The documents Plaintiff attaches to his complaint reveal that the dentist told Plaintiff the dentist could extract the tooth immediately to address the problem. (Health Care Request, ECF No. 1-1, PageID.13; Grievance # LRF202209139718A, ECF No. 1-2, PageID.28; Grievance, ECF No. 1-2, PageID.33.)  The dentist also explained that the problem could be addressed with a root canal and crown, but that the MDOC did not provide those services and that, if that was Plaintiff's preference, he would have to arrange for an offsite service provider at Plaintiff's own expense.

Plaintiff sent a request to Defendant Beaumont seeking information regarding the procedure for offsite care. (Compl., ECF No. 1, PageID.2; Health Care Request, ECF No. 1-1, PageID.9.) Defendant Britton responded that Plaintiff would be responsible for identifying an outside provider, arranging for the offsite visit, and paying the costs of the visit and dental care. (Compl., ECF No. 1, PageID.2; Response, ECF No. 1-1, PageID.10.) Defendant Beaumont echoed the information provided by Defendant Britton in a later response. (Response, ECF No. 1-1, PageID.12.) Ms. Beaumont also reviewed the Step I grievance response after Plaintiff grieved the refusal to provide a root canal and crown. (Step I Grievance Response, ECF No. 1-2, PageID.25.)

Beyond those responses, there is no indication that Defendants Beaumont or Britton played any role in providing or failing to provide dental care to Plaintiff.

Plaintiff contends that Defendants were deliberately indifferent to Plaintiff's dental healthcare needs in violation of the Eighth Amendment. He seeks compensatory, punitive, and nominal damages, as well as a declaration that Defendants have violated Plaintiff's constitutional rights.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this action, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

In this action, even if the Court were to presume that Plaintiff's allegations satisfy the objective prong, his allegations fail to satisfy the subjective prong. The crux of Plaintiff's claim is that the MDOC *must* provide root canal treatment—not merely tooth extraction—as an option for his condition. The Sixth Circuit has concluded that there are circumstances where the failure to provide a root canal and crown, as opposed to extraction, might evidence deliberate indifference: (1) if the decision maker were seeking to enrich themselves, i.e., "because an extraction would pay them more than another treatment option"; or (2) if the refusal of the root canal option "interfered

6

with prescribed medical treatment." *Walker v. Washington*, No. 21-1446, order at p. 4 (6th Cir. Dec. 14, 2021). But neither of those circumstances are present here, nor has Plaintiff alleged that they are present.

Plaintiff does not allege that extraction would not have been an effective treatment for his condition. He certainly might have preferred a root canal and crown, but that does not mean that offering the alternative treatment of extraction evidences a disregard for a substantial risk of harm to Plaintiff. Plaintiff's allegations, therefore, boil down to a straightforward disagreement regarding appropriate treatment. Many courts have concluded that this same disagreement—extraction versus restorative treatment—does not state a claim for violation of the Eighth Amendment. *See, e.g.*, *Leachman v. Harris Cnty, Texas*, 779 F. App'x 234, 238 (5th Cir. 2019) ("We have concluded a prisoner failed to state a claim under the Eighth Amendment based on the jail's provision of 'extraction of his injured teeth' rather than 'more expensive restorative treatment.'"); *Matthews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013) ("Ajala argues that the district court erred by granting summary judgment on his claim of deliberate indifference to his infected tooth because the prison refuses to provide him with a root canal procedure. The district court correctly found that the prison is offering him an extraction procedure and that this dispute is over nothing but the choice of one routine medical procedure versus another."); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 196–97 (3rd Cir. 2007) (concluding that, where plaintiff favored root canal over extraction, plaintiff raised "merely . . . a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his dental care"); *see also Ciaprazi v. Jacobson*, No. 13 Civ. 4813, 2016 WL 4619267, at *4 n.4 (S.D.N.Y. Sept. 6, 2016) (noting that courts have upheld policies that offer only extraction—and decline to pay or provide for root canals and crowns—in numerous jurisdictions, and citing cases).

Accordingly, the Court concludes that Plaintiff fails to allege facts that support an inference that any of these Defendants were deliberately indifferent to Plaintiff's serious medical need.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  January 18, 2023                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge